# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| REBECCA GREEN, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>  vs.<br><br>THE SCHREIBER LAW FIRM, PLLC,<br><br>        Defendant. | Case No.: 14-cv-215<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Rebecca Green is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff, debts allegedly incurred for personal, family or household purposes.

5. Defendant The Schreiber Law Firm, PLLC ("Schreiber") is a law firm with its principal offices in New Hampshire.

6. Schreiber is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Schreiber is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Schreiber is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

8. On or about February 10, 2014, Schreiber mailed a debt collection letter to Plaintiff regarding an alleged debt. A copy of this letter is attached to this complaint as <u>Exhibit A</u>.

9. Upon information and belief, the alleged debt referred to in <u>Exhibit A</u> was alleged personal credit card account, originally with Applied Bank, and only used for personal, family or household purposes.

10. Upon information and belief, <u>Exhibit A</u> was the first letter that Schreiber sent to Plaintiff regarding the alleged debt referenced in the letter.

11. Upon information and belief, <u>Exhibit A</u> is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

12. <u>Exhibit A</u> identifies the creditor as "AIM20140205103024."

13. <u>Exhibit A</u> tells the consumer that Applied Bank, the "Original Creditor," is not the current creditor, and that Schreiber "represents AIM20140205103024":

> Our office represents AIM20140205103024 regarding the above account. We are sending this letter based on account information provided by our client. Please direct any future communications to our office. Please see reverse side for important information regarding your rights.

<u>Exhibit A</u>.

**VIOLATIONS OF THE FDCPA**

14. The FDCPA requires debt collectors to provide certain information and notices to consumers within five days of the initial contact with the consumer:

(a) **Notice of debt; contents**

2

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (2) the name of the creditor to whom the debt is owed;

15 U.S.C. § 1692g(a)(2).

15. To satisfy § 1692g(a)(2), a debt collector may provide "the name under which [the creditor] usually transacts business, or a commonly-used acronym, or any name that it has used from the inception of the credit relation." *Blarek v. Encore Receivable Mgmt.*, No. 06-cv-420-WEC, 2007 U.S. Dist. LEXIS 22549 at *22 (E.D. Wis. Mar. 27, 2007).

16. However, "a particularly non-obvious acronym can on its face constitute a plainly confusing statement in violation of § 1692g(a)(2)." *Id.* at *23.

17. "AIM20140205103024" is not the name of any creditor.

18. "AIM20140205103024" is not a commonly used acronym for any creditor.

19. "AIM20140205103024" is not a business or trade name that any creditor has used from the inception of any business transaction with Plaintiff or any member of the class.

20. The unsophisticated consumer would have no idea who "AIM20140205103024" is or how to contact it.

21. Schreiber's misrepresentation is a material false statement.

22. Even a more sophisticated consumer (or her attorney), who understands that debts can be bought and sold, would not be able to determine who actually holds the debt from reading Exhibit A.

23. Schreiber's misrepresentation is also a "false representation or deceptive means to collect or attempt to collect any debt," in violation of 15 U.S.C. § 1692e(10).

3

**COUNT I – FDCPA**

24. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

25. Exhibit A identifies the creditor as "AIM20140205103024."

26. "AIM20140205103024" is not the name of any creditor.

27. "AIM20140205103024" does not disclose the actual identity of the creditor to the consumer.

28. The language in Schreiber's letter is false, misleading and confusing to the unsophisticated consumer, in that the letter fails to state the name of the creditor. 15 U.S.C. § 1692g(a)(2).

29. The Defendant has therefore violated 15 U.S.C. §§ 1692g(a) and 1692g(a)(2).

**COUNT II – FDCPA**

30. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

31. The language in Schreiber's letter is false, misleading and confusing to the unsophisticated consumer, in that the letter fails to identify the current creditor. 15 U.S.C. § 1692g(a)(2).

32. Defendant's misstatement of the name of the creditor is a false representation or deceptive means to collect or attempt to collect any debt.

33. The Defendant has therefore violated 15 U.S.C. §§ 1692e and 1692e(10).

**CLASS ALLEGATIONS**

34. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent an initial collection letter (c) stating that the creditor is "AIM20140205103024", (d) seeking to collect a debt for personal, family or

4

Case 2:14-cv-00215-LA   Filed 02/27/14   Page 4 of 6   Document 1

household purposes, (e) on or after February 27, 2013, (f) that was not returned by the postal service.

35. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

36. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692g(a) and 1692e.

37. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

38. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

39. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

40. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: February 27, 2014

                              **ADEMI & O'REILLY, LLP**

                        By:    /s/ John D. Blythin
                                 Shpetim Ademi (SBN 1026973)
                                 John D. Blythin (SBN 1046105)
                                 3620 East Layton Avenue
                                 Cudahy, WI 53110
                                 (414) 482-8000
                                 (414) 482-8001 (fax)
                                 sademi@ademilaw.com
                                 jblythin@ademilaw.com

6

Case 2:14-cv-00215-LA   Filed 02/27/14   Page 6 of 6   Document 1